O'SHEA ET AL., RESPONDENTS, *v.* DOTY ET AL., APPELLANTS.

(No. 5,270.)

(Submitted September 10, 1923. Decided September 21, 1923.)

[218 Pac. 658.]

*Water Rights—Abandonment—Reassertion of Right—Effect— Appropriation—Arbitrary Fixing of Date—When Proper.*

Water Rights—Abandonment—Reassertion Constitutes New Appropriation.
  1. *Held,* under the rule that an appropriator of water for irrigation purposes is not permitted to claim and hold an amount of water in excess of the beneficial use to which it is to be applied, his needs, present and prospective, at the time of making his appropriation, measuring his rights, irrespective of the amount claimed, that a land owner who had made an appropriation sufficient for his needs out of the waters of one stream and later made another appropriation

from another source using the latter exclusively for about twelve years, then sold the latter right and returned to the use of the former, reasserting his right to it as of the date on which his first appropriation was made, the holding of the trial court that by his course of conduct he had abandoned his first right and that his reassertion of the right thus abandoned amounted to a new appropriation as of the date of resumption of its use was correct.

Same—Appropriation—Arbitrary Fixing of Dates—When Proper.

2. Where the evidence in a water right justifies it, the trial court may in a water right dispute make findings arbitrarily fixing particular dates of the appropriations of parties thereto.

*Appeal from District Court, Carbon County; Robert C. Stong, Judge.*

ACTION by D. G. O'Shea and others against R. E. Doty and others, in which Elmer J. Strever intervened, to adjudicate water rights. From a judgment for plaintiffs, defendants R. E. and Daniel Doty appeal. Affirmed.

*Mr. Frank P. Whicher* and *Mr. Edward Horsky,* for Appellant, submitted a brief; *Mr. Whicher* argued the cause orally.

*Mr. C. C. Rowan,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted to adjudicate the waters of Willow Creek, in Carbon county. Elmer J. Strever intervened. Upon issue joined the cause was tried to the court sitting without a jury. After the close of the trial the court made its findings of fact and conclusions of law, upon which judgment was duly made and entered. The defendants R. E. Doty and Daniel Doty have appealed from the judgment.

Insufficiency of the evidence to justify the court's findings and judgment adjudicating the water rights of appellants is assigned in fourteen specifications of error as reason for reversal or modification of the judgment.

So far as necessary to be considered on this appeal, the court found: "That Willow Creek is a natural watercourse, but that its flow has been greatly increased by the waters of Rock Creek, for the purpose of irrigating lands along said Willow Creek; that the waters of said Willow Creek are used upon the lands of the parties to this suit, and that each of said parties to this action is entitled to the use of the waters of Willow Creek and its tributaries and sources, at the dates herein mentioned, as of the number of inches, respectively, of the flow equivalent to the number of cubic feet per second, as follows, namely:

| Name. | No. of Inches. | Cu. ft. per Sec. | Appropriated. |
|---|---|---|---|
| Wm. J. Strever and Elmer J. Strever.. | 400 | 10 | May 1, 1886 |
| *** | ** | ** | ** |
| *** | ** | ** | ** |
| Daniel Doty and R. E. Doty............ | 60 | 1½ | May 1, 1898 |
| *** | ** | ** | ** |
| R. E. Doty........................... | 170 | 4½ | May 1, 1905 |
| Daniel Doty ........................ | 120 | 3 | May 1, 1905" |

Complaint is made that the court's findings as to the dates of appellants' appropriations are not in accord with their claims, supported by undisputed testimony. In their joint answer filed they made claim of 400 inches as of date November 26, 1892, 100 inches in the spring of 1898, and 100 inches in the spring of 1902. It appears that Daniel Doty and his brother, R. E. Doty, located certain lands as homesteads on Willow Creek in 1892, and in that year they filed a notice of appropriation of 400 inches of the waters of Willow Creek. In the summer of 1893, both worked in the construction of a ditch tapping the west side of Willow Creek to irrigate their lands. The ditch was completed in the fall of 1893, and they alternated in the use of water therefrom to irrigate their lands in the season of 1894, beginning the use of such waters as early as the month of April. In 1894 another ditch was taken out by them from the east bank of the creek. R. E. Doty had about 157 acres of his 160-acre homestead under the ditches, and Daniel Doty had about 145 acres of his 160-acre homestead thereunder. In 1901 they

added to their land holdings by purchase of the Gordon ranch, comprising 160 acres, and 80 acres additional, designated as the Rawlings place. There was a ditch on the Gordon ranch at the time the appellants made purchase thereof, and they irrigated the Gordon lands therefrom in the year 1901. In addition to the water rights claimed by appellants from Willow Creek appurtenant to their respective homesteads, it appears that they made appropriation of the waters of Rock Creek for the irrigation of the same lands, and that in an action to adjudicate Rock Creek waters in the year 1903 Daniel Doty was awarded 145 inches and R. E. Doty 154 inches, as of date July 7, 1896, appropriation of Rock Creek water. Some fifteen years prior to the trial of this action, about 1906, the appellants discontinued use of Rock Creek waters, returned to Willow Creek, and thereafter placed entire reliance upon Willow Creek water for their needs in irrigation of their respective homesteads; the waters of Willow Creek having become greatly augmented in flow. They ceased to use their Rock Creek appropriations after adjudication of their rights had been made, returned to Willow Creek for their supply, sold their Rock Creek rights, and now come forward in this action and assert rights to the waters of Willow Creek as of date of their original appropriation. It would be manifestly unfair and inequitable to permit them so to do.

First they demanded of the court the right to Rock [1] Creek waters for the irrigation of the lands which was awarded to them, and then, having abandoned and disposed of their Rock Creek rights, now fall back on and assert claim to the waters of Willow Creek as of date of first appropriation and diversion of such waters made by them. In our opinion, they abandoned rights first obtained by them to Willow Creek water, by placing reliance on the water of Rock Creek, and after failure to further use Rock Creek waters, and sale of all right thereto, they likewise abandoned such rights. Thus having abandoned all their earlier rights, new rights to Willow Creek water vested in them as of the

date they resumed use of it to meet their requirements. It must be held under the facts that their rights to the waters of Willow Creek were not re-established until after their abandonment of Rock Creek waters, and the reassertion of claim and use of the waters of Willow Creek.

The extent of an appropriation of water is limited to beneficial use, and this irrespective of a greater quantity attempted to be appropriated. (*Jacobs* v. *City of Harlowton,* 66 Mont. 312, 213 Pac. 244.) The necessity for the use, where the capacity of the ditches exceeds the amount of water required, establishes the extent of the right. (*Toohey* v. *Campbell,* 24 Mont. 13, 60 Pac. 396; *Bailey* v. *Tintinger,* 45 Mont. 154, 122 Pac. 575; *Conrow* v. *Huffine,* 48 Mont. 437, 138 Pac. 1094.) The appropriator's need and facilities, if equal, measure the extent of his appropriation (*Jacobs* v. *City of Harlowton, supra*); but where the facility for diverting water is greater than the amount required, the appropriator's rights are limited to his needs. It is not requisite that the use to which the water is to be applied be immediate. It may be prospective and contemplated, provided there is a present ownership or possessory right to the lands upon which it is to be applied, coupled with a *bona fide* intention to use the water. (See *Wheat* v. *Cameron,* 64 Mont. 494, 210 Pac. 761.)

An appropriator of waters for irrigation purposes is not permitted to claim and hold an amount of water in excess of the beneficial use to which it is to be applied. The needs of the appropriator, present and prospective, at the time of making his appropriation, measure his rights, irrespective of the excessive size or number of ditches by him constructed or the amount of water claimed. He is not permitted to appropriate all the water his lands require, first from one stream and then from another, and thereafter hold both rights as against subsequent appropriators. He must elect to hold one or the other, as best adapted for his use; and where he

abandons one right, relying on the other as sufficient for his needs, rights to the appropriation abandoned are lost, and reassertion of right to the abandonment appropriation, because of sale of the other right, merely amounts to a new appropriation. For the trial court to have given recognition to the appropriation claimed by the appellants of Willow Creek waters as of 1893, the date of the construction of their ditches therefrom, would have been to recognize their right to hold an appropriation sufficient to irrigate their lands from Willow Creek, at the same time allowing them independently sufficient of the waters of Rock Creek to meet their irrigation needs. We think this the theory underlying the findings made by the trial court, fixing their rights as of date May 1, 1905, 170 inches for Daniel Doty, and 120 for R. E. Doty; however, the basis of the court's findings as to dates and amounts of appellants' appropriations is not clear from the record. The right awarded them of 60 inches of the waters of Willow Creek as of date May 1, 1898, must have been based upon the 240 acres additional land by them purchased in 1901, although the evidence does not appear to support an allowance earlier then 1901. The findings appear to have been arbitrarily made, which is justified [2] by the state of the evidence. (*McDonald* v. *Lannen,* 19 Mont. 78, 47 Pac. 648.)

Since the awards made were far greater than the appellants were justly entitled to on any theory, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.