HUFFINE, APPELLANT, *v.* MILLER ET AL., RESPONDENTS.

(No. 5,705.)

(Submitted June 22, 1925. Decided June 29, 1925.)

[237 Pac. 1103.]

*Waters and Water Rights—Rights of Appropriators—Findings—When Conclusive.*

Water Rights—Beneficial Use Requisite to Maintenance of Right.
    1. An appropriator of water cannot maintain a valid claim to an amount of water in excess of the beneficial use to which it is applied, and when he or his successor ceases to use it for such beneficial purpose, the right ceases.
Same—Lessened Necessity for Use Inures to Subsequent Appropriators.
    2. Where, after an appropriation is made, conditions change and the necessity for the beneficial use for which it was appropriated diminishes, to the extent of the lessened necessity the change inures to the benefit of subsequent appropriators having need of the water.
Equity—Findings—When not Disturbed on Appeal.
    3. In an equity case the findings of the court will not be set aside unless there is a decided preponderance in the evidence against them, nor will they be disturbed if the evidence, fully considered, furnishes reasonable grounds for different conclusions.

---

1. Right of one to make valid appropriation of water only so far as he applies it to beneficial use, see note in L. R. A. 1916B, 1015. See, also, 15 R. C. L. 459.
3. See 15 R. C. L. 470.

[74 Mont. 50.]

Water Rights—Decree Awarding Certain Number of Inches—Evidence—
Sufficiency.

 4. A finding in a water-right dispute that defendant had need of
  fifteen inches of water for domestic and stock purposes and for irri-
  gating some five acres of land, *held* not open to the objection that it
  was not supported by the evidence, and that defendant had no need
  for more than nine inches.

---

 Appeal and Error, 4 **C. J.**, sec. 2869, p. 900, n. 96.
 Waters, 40 **Cyc.**, p. 715, n. 91; p. 721, n. 20; p. 734, n. 34.

*Appeal from District Court, Gallatin County, in the Ninth
Judicial District; Wm. L. Ford, Judge for the Fourteenth
District, Presiding.*

WATER RIGHT suit by Emmet Huffine, against Zachary T.
Miller and others. Judgment for defendants and plaintiff ap-
peals. Affirmed.

*Mr. George Y. Patten,* for Appellant, submitted a brief
and argued the cause orally.

*Mr. W. R. C. Stewart* and *Mr. W. S. Hartman,* of Counsel,
submitted a brief; *Mr. Hartman* argued the cause orally.

HONORABLE THEODORE LENTZ, District Judge, sit-
ting in place of MR. CHIEF JUSTICE CALLAWAY,
absent on account of illness, delivered the opinion of the
court.

The plaintiff, Emmett Huffine, has appealed from the judg-
ment of the trial court awarding the defendant Zachary T.
Miller a first right to fifteen inches, and plaintiff, a sec-
ond right to ten inches, of the waters of Foster Creek in
Gallatin county. It is conceded that the defendant is en-
titled to the first right as of the year 1883, and that plain-
tiff's right is second and subsequent thereto; plaintiff's only
contention being that the lower court, from the evidence
presented, should have awarded the defendant not to exceed
nine inches instead of fifteen; that although the defendant,
by his filing and by constructing a large ditch, attempted

to appropriate the entire stream, he has neither needed nor used to exceed nine inches for many years immediately preceding the bringing of this action; that nine inches of water will amply supply his present needs, and that the lower court therefore erred in awarding him fifteen.

Appropriators of water cannot maintain a valid claim [1, 2] to an amount of water in excess of the beneficial use to which it is applied, and when the appropriator or his successor ceases to use the water for such beneficial purpose, the right ceases. If, after an appropriation is made, conditions change, and the necessity for the beneficial use diminishes to the extent of the lessened necessity the change inures to the benefit of the subsequent appropriators having need for the water. (*Conrow* v. *Huffine,* 48 Mont. 437, 138 Pac. 1094; *Jacobs* v. *City of Harlowton,* 66 Mont. 312, 213 Pac. 244; *O'Shea* v. *Doty,* 68 Mont. 316, 218 Pac. 658.)

The question for decision, then, is: What amount of water has defendant Miller beneficially used and how much will supply his actual needs under existing conditions?

The trial court found, "that the use of said water from Foster creek upon said farm has continued since the year 1883, by the said Jacob Miller and his successors in interest, including the defendant Zachary T. Miller, but about twenty-five years ago, or more, the irrigation of grain was discontinued, and since then substantially the only use of water on said farm, and the only need of water thereon, has been the irrigation of a garden, potato patch, a small meadow, and for stock water," and that defendant will require fifteen inches of water for that purpose.

The findings will not be set aside unless there is a de-[3] cided preponderance in the evidence against them. And if the evidence as it appears in the record, fully considered, furnishes reasonable ground for different conclusions, the findings will not be disturbed, for the reason that the trial judge has the superior advantage of hearing the testimony and observing the appearance and demeanor of the witnesses on

the stand. (*Kummrow* v. *Bank of Fergus County,* 66 Mont. 434, 214 Pac. 1098.)

It is conceded that Foster Creek has a normal flow of [4] about eighteen inches. Plaintiff's witness Fred Brown, a civil engineer of long experience in Gallatin county, testified that plaintiff Huffine's garden and grounds measured seven-tenths of an acre in extent, and that plaintiff needed fifteen inches for its proper irrigation. Plaintiff testified that with a constant flow he would need eight or ten inches to irrigate his said garden and grounds. J. M. Yates, a witness for the plaintiff, testified that plaintiff's predecessor, William B. Yates, used the entire flow of the stream, fifteen or twenty inches, to irrigate his garden and grounds of less than an acre and for stock water; that there were but two places on the creek and that the owners of the first and second rights would alternate in the use of the entire flow of the stream.

Defendant testified that he had a larger garden than plaintiff, and had, in addition, three-fourths of an acre to half an acre of potatoes; that he also had about three and one-half acres which he had irrigated in hay or oats every year since 1912 when he purchased the land, besides using water for stock and other domestic needs, and that the entire flow of the stream did not furnish enough water to properly irrigate the oats.

W. B. Huffine, former owner of defendant's land and water right, testified that he found it necessary to use the entire flow of the creek to properly irrigate the garden and potato patches.

The record also shows that defendant Miller was under the impression up until the time this action was started, that one W. B. Huffine, a defaulting defendant herein, owned one-half of defendant's water right, and that the said Huffine expects later to acquire an interest in any water that is awarded to the defendant in this action. But the evidence is very meager as to what, if any, use the said W. B. Huffine

has had of the water of Foster Creek since the defendant purchased the first right, and whether defendant's use of the water was in any way curtailed or diminished by any act or claim of the said W. B. Huffine.

After a careful reading of the entire record, we cannot say that the evidence preponderates against the finding of the trial court that the respondent Miller has appropriated, beneficially used, and is now lawfully entitled to a first right to fifteen inches of the waters of Foster Creek.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and GALEN concur.