CALIFORNIA PACKING CORPORATION, APPELLANT, *v.* McCLINTOCK, RECEIVER, RESPONDENT.

(No. 5,838.)

(Submitted November 28, 1925. Decided December 12, 1925.)

[241 Pac. 1077.]

*Banks and Banking—Insolvency—Preference Claims—Drafts Sent With Instructions—Presumptions.*

Banks and Banking—Insolvency—Preference Claims—Claimant must Show, What.
　　1.  One seeking to establish a preference claim to funds in the hands of a receiver of an insolvent bank must show that the transaction upon which he relies created the relation of principal and agent between himself and the bank, that by it the assets of the bank were augmented and be able to trace the trust fund into the possession of the bank; failure to show either one of these conditions defeats his action.

Same—Drafts—Instructions to Collecting Bank—Presumption.
　　2.  The presumption obtains that a bank in the ordinary course of its banking business follows instructions given it with reference to the collection of a draft.

---

1.  See 3 R. C. L. 638.

Same—Insolvency—Drafts Sent for Collection—When Sending Bank not
   Entitled to Preference.
   3.   Where a draft was sent to a bank with instructions to make col-
   lection and remit the proceeds by draft to a named bank for the
   sender's account instead of the money itself, the relation of creditor
   and debtor and not that of principal and agent was created between
   the parties, and therefore upon dishonor of the draft sent by the
   collecting bank which in the meantime had failed in business, the
   creditor was not entitled to a preference claim against the funds in
   the hands of the receiver.   (See par. 1 above.)

[1] Banks and Banking, 7 C. J., sec. 301, p. 625, n. 76.
[2] Evidence, 22 C. J., sec. 47, p. 108, n. 95 New.
[3] Banks and Banking, 7 C. J., sec. 301, p. 625, n. 76.

*Appeal from District Court, Cascade County; H. H. Ewing,
Judge.*

Action by the California Packing Corporation against T. E.
McClintock, receiver of the Commercial National Bank of
Great Falls. From a judgment for defendant, plaintiff ap-
peals. Affirmed.

*Messrs. Maddox & Church,* for Appellant, submitted a brief;
*Mr. Fletcher Maddox* argued the cause orally.

*Messrs. Norris, Hurd & Rhoades* and *Mr. H. C. Hall,* for
Respondent, submitted a brief; *Mr. Hall* argued the cause
orally.

MR. JUSTICE STARK delivered the opinion of the court.

From the pleadings and the evidence, all the material facts
involved in this case are established without any dispute.
These facts are as follows:

The plaintiff, a California corporation, sold to the Heisey
Company of Great Falls (hereafter called the company) a
carload of merchandise, on October 1, 1922, drew its draft for
the sum of $2,958.89 on that concern, with a bill of lading
attached, and sent the same to the Commercial National Bank
of Great Falls. The bank presented this draft to the company

3.   See 3 R. C. L. 633.

on October 3, 1922, whereupon the company gave the bank a check for the amount of the draft, drawn against its account in the bank. When this check was given, the company had a credit balance in the bank in excess of $8,000. The check was afterwards returned to the company in the usual course of banking business, marked "Paid." The following day, October 4, 1922, in payment of the amount collected from the company, the bank forwarded to the Wells-Fargo Nevada National Bank of San Francisco, for plaintiff's account, its draft for the amount collected, less discount and collection charges. This draft was not paid, for the reason that the Great Falls bank failed, and did not open its doors for business on the morning of October 5, 1922. When this bank failed, it had on hand in cash $6,823.66. Later on F. D. Williams was duly appointed and qualified as receiver of the bank, which position he continued to occupy until April 9, 1923, when he resigned and was succeeded by the defendant.

On March 28, 1923, the plaintiff presented its duly verified claim to the receiver for the amount of the unpaid draft, and demanded that it be allowed as a preference claim, which demand was denied, Thereafter this action was brought, for the purpose of obtaining a judgment of the court requiring the receiver to allow said amount as a preference claim, and ordering it paid as such in the due course of administration of the affairs of the defunct bank.

Trial of the case was commenced before a jury, but before its conclusion the jury was dismissed, by consent of both parties, and the cause submitted to the court, which subsequently found the issues and entered judgment in favor of the defendant, and the plaintiff has appealed.

Counsel for plaintiff and defendant each rely upon the [1] case of *Hawaiian Pineapple Co.* v. *Brown,* 69 Mont. 140, 220 Pac. 1114. Under the rule adopted in that case, to establish that it had a preference claim to the funds of the bank in the hands of the defendant receiver, it was

necessary for plaintiff to show three coexistent conditions, *viz.:*

(a) That the transaction created the relation of principal and agent—not creditor and debtor—between itself and the bank, so that the bank would be deemed to hold the amount collected from the company in trust for the plaintiff as beneficiary.

(b) That by the transaction the assets of the bank were augmented.

(c) Ability to trace the trust funds into the possession of the bank.

Failure to show the existence of either of these conditions would necessarily result in the defeat of plaintiff's claim to the preference.

In order to show fulfillment of the first of the named conditions, plaintiff alleged in its complaint that the draft was sent "for collection and remittance." Proof of this allegation, without anything to qualify it, taken in connection with the admitted fact that the bank collected the plaintiff's draft and, instead of transmitting the money to plaintiff, sent its own draft on another bank in payment of the amount collected, would have established the first element of a preference claim against the funds of the defunct bank in the hands of the defendant as its receiver. (*Hawaiian Pineapple Co.* v. *Brown,* above cited.)

What, if any, instructions the plaintiff gave to the bank as to the disposition to be made of the proceeds of the collection, at the time the draft was sent, or at any time thereafter, was not shown.

It is admitted that the plaintiff's draft was sent to the bank for collection. To maintain its contention that it was also sent "for remittance," counsel for plaintiff undertake to draw an inference and declare a presumption to that effect from the admitted and proven facts. In support of this contention counsel point out that inferences and presumptions permitted or declared by law are indirect evidence (Rev.

Codes 1921, sec. 10600); that an inference is a deduction which may be made from the facts proved, without an express direction of law to that effect (*Id.*, sec. 10601), and must be founded upon a fact legally proved and "on such a deduction from that fact as is warranted by a consideration of * * * the course of business," *etc.* (*Id.*, sec. 10603); that a presumption is a deduction which the law expressly directs to be made from particular facts (*Id.*, sec. 10602), and in the absence of proof to the contrary is sufficient to establish a fact (*Id.*, sec. 10604); and that amongst the disputable presumptions is "that the ordinary course of business has been followed" (*Id.*, sec. 10606, subd. 20). The argument then runs along this line: From the fact that the bank promptly collected and remitted, the inference arises that it did so because it had received the draft for that purpose; also that, since in "the ordinary course of business" a collecting bank would follow instructions, when the bank in this case collected and remitted, the law would presume that what it did was done pursuant to instructions.

The inference claimed by counsel is a legitimate one, and [2] the presumption is as they assert, namely, that in the ordinary course of banking business a bank follows its instructions. (*Guignon* v. *First Nat. Bank of Helena*, 22 Mont. 140, 55 Pac. 1051.) Applying both the inference and the presumption to the facts admitted and proved in this case, we are able to conclude that the plaintiff sent its draft on the company to the bank with instructions to collect and remit the same, less charges, by its draft upon the Wells-Fargo Nevada National Bank of San Francisco, California.

Under these circumstances the plaintiff wholly failed to [3] establish the first of the above-named elements of a preference claim against the funds in the hands of the defendant as receiver of the defunct bank, for when it directed the bank to send it a draft on the Wells-Fargo Nevada National Bank of San Francisco it was virtually an

express direction not to send the identical money collected, nor to hold it separate for the plaintiff, but was equivalent to an agreement that the bank might use the money collected and pay the plaintiff by its draft on the San Francisco bank. An agreement or understanding whereby the collecting bank is to use the identical money collected and substitute its own obligation in its stead destroys all idea of a trust, and creates the relation of debtor and creditor, instead of trustee and beneficiary. (*Akin* v. *Jones,* 93 Tenn. 353, 42 Am. St. Rep. 921, 25 L. R. A. 523, 27 S. W. 669; *Sayles* v. *Cox,* 95 Tenn. 579, 49 Am. St. Rep. 940, 32 L. R. A. 715, 32 S. W. 626.)

In 3 R. C. L., p. 633, the rule gathered from decided cases is summarized in these words: "Where the understanding is that the bank, when the collection shall have been made, shall pass it to the general credit of the depositor, kept subject to check, such credit being authorized, it is the same as though the money had been deposited by the depositor to his credit; the title to the proceeds, after being credited, passes to the bank, and the relation becomes merely that of debtor and creditor. The same is true where the proceeds of the collection are to be remitted to the customer by check or draft."

Since the plaintiff's evidence fails to establish one of the three conditions which must coexist in order to entitle it to a preference claim against the fund in question, it is unnecessary to consider the evidence relative to the other two conditions. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.