No. 27,353.

The Vincent Grain Company, *Appellee*, v. William Docking, Receiver of The Farmers and Merchants State Bank of Tonganoxie (Charles W. Johnson, Receiver, substituted), *Appellant*.

(260 Pac. 610.)

### SYLLABUS BY THE COURT.

Banks and Banking—*Insolvency—Preferred Claims.* In an action to have a sum of money adjudged to be a trust fund and to have it established as a claim preferred over that of general creditors, to be first paid out of moneys in the hands of the receiver of a failed bank, the record is examined and found to contain no error of which the receiver can now complain.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed November 5, 1927. Affirmed.

*Ralph T. O'Neil, J. D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action in which plaintiff seeks to have a sum of money adjudged to be a trust fund, which passed into the hands of a receiver of a failed bank, and that it be allowed as a claim preferred over the claims of common creditors. A trial to the court resulted in a judgment for plaintiff. The defendant has appealed.

In the state of the record there is not much for this court to say other than to point out the questions that are not before it. In a case of this character there are two essential things which plaintiff must establish to entitle him to recover: First, that the money or fund in question is a trust fund. Second, that it actually passed into the hands of the receiver. (*Investment Co. v. Bank,* 98 Kan. 412, 158 Pac. 68; *State Bank v. State Bank,* 114 Kan. 463, 218 Pac. 1000.) In this case it was conceded by defendant at the trial in the court below that the money sought to be recovered by plaintiff was received by the bank under such circumstances as to constitute it a trust fund. In this court appellant suggests that perhaps that concession should not have been made; that perhaps defendant confused the relation of principal and agent with that of trustee and *cestui que trust,* but he does not ask this court to reëxamine that

Banks and Banking, 7 C. J. pp. 751 n. 78, 752 n. 82, 88 new.

question. Indeed, he is not in position to do so, since the question was not raised in the court below. So we must take it for granted here that the fund sought to be recovered was a trust fund.

Passing to the next question: Did the money constituting this trust fund pass into the hands of the receiver? The amount of the fund was $13,854.84. The Farmers and Merchants State Bank of Tonganoxie, which later failed, and of which defendant is receiver, had this money, together with other money which belonged to it, or which it was handling, in an account with its Kansas City correspondent, the Commerce Trust Company. The Tonganoxie bank drew drafts on the Commerce Trust Company which it honored and charged to this account. The balance of this account in favor of the Tonganoxie bank at the time the receiver was appointed was $10,090.24, which amount was paid to the receiver by the trust company, and thereby passed into his hands. No question was raised in the trial court as to the relations between the Tonganoxie bank and the Commerce Trust Company being that of debtor and creditor. The account of the Commerce Trust Company was treated as though the money represented by it was in the Tonganoxie bank. Appellant makes no complaint here of that treatment of the matter, so we must regard it in the same way. The trial court found that the amount owing to the plaintiff, and conceded to be a trust fund, was $14,824.68 at the time of trial, and that $10,090.24 of that fund passed into the hands of the receiver, and decreed plaintiff to have a preferred claim against the receiver for the sum last named.

Appellant contends that there is no evidence to support the conclusion of the court that the balance due the Tonganoxie bank in its account with the Commerce Trust Company was plaintiff's money, or part of the trust fund of plaintiff. It is argued that the account of the Tonganoxie bank in the Commerce Trust Company was changed from day to day, being increased by deposits and decreased by drafts drawn against it by the Tonganoxie bank; that the moneys in that account were treated by the Commerce Trust Company in the same way, that is, that plaintiff's trust fund was never segregated from the rest of the money in that account, hence that there is no way of determining what money was used to pay the drafts drawn on this account by the Tonganoxie bank; that it may very well be that all of plaintiff's trust money was used in paying such drafts, and hence that none of it was included in the balance which was turned over to the receiver. This contention lacks merit.

It is not contended that any of the money in the account of the Commerce Trust Company, other than that of plaintiff's, was a trust fund. The natural and reasonable conclusion from the evidence is that all of the money in this account, other than the trust fund of plaintiff, was the property of the Tonganoxie bank; that the Tonganoxie bank drew on this account to pay various of its obligations, and in doing so it would naturally be presumed to be using its own money to pay its own obligations. There certainly could be no presumption that it would intend to use plaintiff's trust fund to pay its private obligations when it had money in the account to pay them. The result is that the Tonganoxie bank, in paying its obligations with drafts on the Commerce Trust Company, which were charged to its account, used all of its own money that it had in such account, and in addition thereto used some $4,000 of plaintiff's trust fund in that account. On this point the judgment of the court below is sustained by the evidence.

There is no error in the record of which appellant can complain, and the judgment of the court below is affirmed.