No. 27,353.

The Vincent Grain Company, *Appellee*, v. William Docking, Receiver of the Farmers and Merchants State Bank of Tonganoxie (Charles W. Johnson, substituted), *Appellant.*

(265 Pac. 38.)

## OPINION ON POST-DECISION MOTION.

### SYLLABUS BY THE COURT.

Banks and Banking—*Insolvency—Interest on Preferred Claim.* In an action against the receiver of a failed bank to establish a trust fund and to have it paid as a preferred claim, interest on the claim, if allowed at all, should be paid from the general assets of the bank, as are claims of general creditors.

Appeal from Douglas district court; Hugh Means, judge. Opinion on post-decision motion to amplify mandate filed March 10, 1928. (For original opinion see 124 Kan. 391, 260 Pac. 610.)

*Ralph T. O'Neill, Barton E. Griffith* and *J. D. M. Hamilton,* all of Topeka, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Since the decision of this case (*Vincent Grain Co. v. Docking,* 124 Kan. 391, 260 Pac. 610) the parties have joined in a motion asking this court to amplify the mandate with respect to interest on the preferred claim. The record, presenting the question sought to be determined, is as follows. The judgment rendered on the trial of the case in the court below, June 2, 1926, recites:

"It is now therefore by the court, ordered, decreed and adjudged that the plaintiff have and recover of and from the defendant, judgment for $14,824.68, and that the same shall bear interest at six per cent from this date and for its costs herein expended taxed to $——. It is further ordered, decreed and adjudged that $10,090.24 of said judgment be and·the same is hereby decreed to be a preferred claim against the defendant and against all assets of the Farmers and Merchants State Bank of Tonganoxie, Kansas."

The receiver appealed from the decree that $10,090.24 of the judgment should be a preferred claim. This court affirmed the judgment and decree of the trial court. Later the receiver paid to the clerk of the trial court the costs and the amount of the preferred claim, $10,090.24, and gave plaintiff a certificate as a general creditor for the balance of the judgment, including interest on the entire judgment at six per cent per annum. Plaintiff complains of this, and

asks us to amplify our mandate so as to require the receiver to pay, as a part of the preferred claim, interest at six per cent per annum on the $10,090.24 from the date of the judgment and decree of the trial court, June 2, 1926, to the date of its payment by the receiver. This cannot be done, for at least two reasons: First, the only trust fund which passed into the hands of the receiver, as found by the judgment and decree of the court, was $10,090.24. When the receiver paid that sum to the clerk of the trial court the trust fund was exhausted—there was no longer anything in that fund to pay claim of interest to the plaintiff, or claims of any character. In *McDonald v. American Bank & Trust Co.*, 255 Pac. 733 (Mont.), the principal question was whether interest should be allowed on a trust fund in a case similar to this. Following the controlling principle of law applied in *Chemical Nat. Bank v. Armstrong*, 59 Fed. 372, it was determined that interest on the preferred claim should be allowed, but in the opinion it was said:

"In any case, when the receiver has become liable for the payment of interest on a trust fund, the interest must necessarily be paid out of the general assets of the bank in his hands, since on payment of the principal the trust fund is exhausted." (p. 376.)

Second, there is no showing here that the receiver used this fund, while it was in his possession, in such a way as to receive interest or profit on it. An action to recover money or property in the hands of a receiver of a failed bank, predicated on the theory that it is a special deposit or trust fund, which never passed, or never should have passed, into the assets of the bank, is not based upon the relation of debtor and creditor. In fact, if that relation exists, there can be no allowance of preference. The action is based on the theory that plaintiff is the owner of the property and entitled to its return. The receiver may be simply the custodian of it pending the litigation, in somewhat the same sense as the clerk of a court is custodian when money is paid to him to be held pending the outcome of a suit. (*State v. Banking Corp. of Montana*, 74 Mont. 491.) With respect to national banks it was held, in *Richardson v. Louisville Banking Co.*, 94 Fed. 442, where a preferred claim was allowed, that an order directing payment of interest by the receiver of a national bank from date of judicial demand is erroneous, as funds coming into the hands of a receiver are turned over to the comptroller and could not earn interest, and any payment of interest would necessarily be taken from some other fund. In *Butler v.*

*Western German Bank,* 159 Fed. 116, where the action was one for preference predicated upon the theory that certain funds had passed to the receiver as a trust fund, it was held that the plaintiff was entitled to recover from the receiver the amount equal to that received by him, but without interest, the general creditors of the bank not being responsible for the receiver's error of judgment for refusing to pay the claim on demand. In the opinion it was said:

"The claim (for preference) is for the funds or property converted or wrongfully withheld. It is not founded on the idea that the defendant owes to the complainant a debt; on the contrary, it is based on the fact that the conduct of the defendant has been such that the relation of debtor and creditor has not been created, as ordinarily occurs when a client makes a deposit with his banker. The equity, springing as it does from the right to trace the funds or property, does not extend to a right to take other funds or property by way of damages or interest. Especially is this true where it does not appear that the fund withheld has earned interest or profit, and where the defendant holds, also, as trustee the other funds or property with which the funds claimed were mixed. To allow interest in such case would be to permit the wrongful withholding of the fund by the defendant to create a charge on other funds held by him in trust for the creditors of the bank. This would be inequitable. The investigation and decision of this case has, it is true, established the fact that the receiver should have surrendered this fund to the complainant, but an error of judgment by the receiver on this question should not make the creditors of the bank chargeable with interest on the fund withheld." (p. 117.)

This rule was followed and applied in *Clark Sparks & Sons Mule & Horse Co. v. Americus Nat. Bank,* 230 Fed. 738, a case similar in many respects to the case before us. In *Rugger v. Hammond,* 95 Wash. 85, a preferred claim had been allowed by the trial court with interest. On the appeal the decree for preference was set aside. Appellant had complained of the allowance of interest, and the court said:

"Were we holding that the trial court was not in error in allowing Rugger's claim as a preferred claim, we would be inclined to hold that it was in error in allowing interest thereon, having in mind that, as a preferred claim, it is a claim of title and not for a debt. In view, however, of the fact that there is no contention made against Rugger's claim in so far as allowing it as that of a general creditor is concerned, we see no reason why he is not entitled to interest as allowed by the trial court, to be paid with the principal *pro rata* with other claims of general creditors." (p. 100.)

Without referring to this case, a somewhat different rule appears to have been followed in *Hitt Fireworks Co. v. Scandinavian Am. Bank,* 121 Wash. 261, which was followed in *Northwest Lum. Co.*

*v. Scandinavian Am. Bank,* 130 Wash. 33, but in neither of these cases does it appear whether the receiver so used the funds in his hands as to realize interest or profit thereon.

It must be noted that the trial court allowed plaintiff's interest on the entire judgment, including that part of it for which a preferred claim was decreed, but made this interest a part of the claim against the general assets. Defendant does not complain of this disposition of the matter by the trial court, hence we do not have before us the question whether interest should have been allowed on the part of the fund found to be a preferred claim, the same to be paid from the general assets.

From what has been said it necessarily follows that the judgment of the trial court, and the manner in which it was paid by the receiver, were as favorable to plaintiff as it was entitled to have them. The motion to amplify the mandate is denied.