## F. J. LAMBRECHT v. MIDLAND NATIONAL BANK & TRUST COMPANY.[1]

January 30, 1931.

No. 28,305.

*Ucland & Ueland,* for appellant.
*R. W. Peterson,* for respondent.

[1]Reported in 234 N. W. 869.

DIBELL, J.

Action to impress a trust upon money deposited with the defendant bank by the agent of the plaintiff and to recover it. There were findings for the plaintiff for the sum of $79.34. The defendant appeals from the order denying its motion for a new trial.

■ The plaintiff and others owned rental property in St. Paul. The plaintiff owned 17/75 of it. Wendell Hertig, a Minneapolis lawyer, was agent for the collection of the rents and for the care of the property. He dealt with the plaintiff and sent the rents to him except that to one cotenant he sent directly. He deposited the moneys received in the defendant bank in the name of the Investors Security Company, which was a one-man corporation and he the man. This account carried other moneys of Hertig. The rents were mingled with the other deposits. The plaintiff knew what was done. It went on for several years. Hertig paid himself by checks drawn by the Investors Security Company upon the bank, and in the same way paid for repairs and other expenses in connection with the property. He collected the rents at irregular times during the month and towards the end drew a check in favor of the plaintiff covering net rents. No wrong was contemplated or was done.

On April 2, 1928, he deposited rents of $135; on April 3, $60; on April 14, $235; on April 26, $87.50; On April 28, $350; making a total of $867.50. He deducted for his commissions $26.03, and the sum of $78.80 which he had paid as expenses, and mailed two checks, one for $640.64 to the plaintiff and another for $122.03 to another who was part owner of the building. The $640.64 check was mailed on April 28, 1928, and was presented for payment on May 8, 1928, and payment was refused. In the meantime Hertig died. There was at the time of the presentation of the check something like $1,500 in the bank to the credit of the Investors Security Company.

Hertig's plan was to give 84 per cent of the net rentals to the plaintiff as agent and 16 per cent went to another part owner entitled to that proportion. The account was active during April.

There were other deposits and other checks. On April 11, 1928, $195 of rents had gone into the account. Nothing had been paid to the plaintiff for rent, but the account then stood at $97.70. The $350 deposit of rents remained in the account in the sense that no checks on account of it were paid. The court held that the plaintiff was entitled to recover 17/75 of the $350 deposited on April 28. The theory of the plaintiff is that this money was trust money and the amount on deposit at the time of the presentation of the check should be impressed with a trust for that amount.

There was the ordinary fiduciary relation between the plaintiff and Hertig which exists between principal and agent. The rents were not a trust fund in the bank. For some years the parties had been going on in the way indicated. Hertig took the checks and deposited them in the bank and converted them to his own account. He or the Investors Security Company was debtor to the plaintiff. The bank was debtor to Hertig or his corporation, and he or his corporation was a creditor of the bank. The bank was not keeping books between Hertig and the plaintiff. There was no trust. See Commercial Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. ed. 363; Milne v. Capital T. & S. Bank, 170 Minn. 66, 211 N. W. 954; California Packing Corp. v. McClintock, 75 Mont. 72, 241 P. 1077; U. S. Nat. Bank v. Glanton, 146 Ga. 786, 92 S. E. 625, L. R. A. 1917F, 600; Eifel v. Veigel, 169 Minn. 281, 211 N. W. 332; Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891; Campion v. Village of Graceville, 181 Minn. 446, 232 N. W., 917. The case of Agard v. Peoples Nat. Bank, 169 Minn. 438, 211 N. W. 825, 50 A. L. R. 629, does not control.

■ The plaintiff cannot recover for the refusal of the bank to pay the check. It may be said well enough that the bank ought to have paid it. Under § 189 of the uniform negotiable instruments act a check does not of itself operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check. G. S. 1923 (2 Mason, 1927) § 7232. There was no acceptance nor certification here. There are no unusual circumstances qualifying

the rule. If any of our cases suggest a different doctrine it probably will be found that they arose prior to the enactment of the negotiable instruments act or in neglect of it; or there were unusual circumstances changing the contract. There was no equitable assignment nor unusual circumstances here affecting the check or the contract of the parties. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 982; 5 U. L. A. § 189. Besides, plaintiff brings his action upon the theory of a trust and not to recover upon a check.

There is a claim by the bank of a right of set-off, which we do not consider.

Order reversed.

WILSON, C. J. and HOLT, J. took no part.