CATERPILLAR TRACTOR CO., Respondent, v. JOHNSON, Superintendent of Banks, Appellant.

(No. 7,344.)

(Submitted March 5, 1935. Decided March 15, 1935.)

[43 Pac. (2d) 670.]

270

*Mr. John G. Brown, Mr. L. V. Ketter* and *Mr. John C. Erickson,* for Appellant, submitted an original and a reply brief; *Mr. William A. Brown,* of Counsel, argued the cause orally.

*Messrs. Brown & Jones,* for Respondent, submitted an original and a supplemental brief.

MR. JUSTICE MORRIS delivered the opinion of the court.

On April 2, 1929, Stillwater county, Montana, issued two warrants payable to the Connelly Machinery Company, of Billings, for $1,700 and $889.50, respectively. The company indorsed the warrants and delivered them to the Caterpillar Tractor Company, of Peoria, Illinois, an Illinois corporation, plaintiff and respondent here. On October 24, 1930, the Cater-

pillar Tractor Company sent the warrants to the Columbus State Bank, of Columbus, Stillwater county, for collection. The letter of transmittal contained, in part, the following: "Please present to the Treasurer of Stillwater County, Columbus, Montana, for payment, and upon receipt of returns remit proceeds to us at this address in U. S. current funds, advising by telegram collect if payment is refused, giving reasons." The Columbus State Bank acknowledged receipt of the warrants on December 1, 1930, and advised the Caterpillar Tractor Company that the warrants had been entered for collection. The treasurer of Stillwater county paid the bank $2,590 on account of the warrants on December 4, 1930, but the bank never remitted the amount so collected to the plaintiff. The bank issued cashier's checks for the amount, as later shown by its records, but what became of the checks does not appear. They never reached the plaintiff.

On or about December 22, 1930, the Columbus bank closed its doors, was found to be insolvent, and was taken in charge by the banking department of the state of Montana for liquidation. On May 4, 1931, plaintiff prepared its verified claim against the bank for $2,590, and filed such claim, through its attorneys, Brown & Jones, of Billings, with the banking department on or about May 8, 1932, as a preferred claim. Thereafter the following letter was sent by the banking department to Brown & Jones: "Claim for preference filed by you for the Caterpillar Tractor Company against the Columbus State Bank for $2,590 is rejected. According to the records of the Columbus State Bank remittance in the form of cashier's checks was sent to the Tractor Company by the Columbus Bank and if the Tractor Company will file claim supported by the cashier's checks issued, it will be allowed as a general claim." Brown & Jones acknowledged receipt of this letter on June 25, 1932. This action followed.

After complaint, answer and reply were filed, counsel for the respective parties entered into an agreed statement of facts, in substance as follows:

1. That the Caterpillar Tractor Company is a corporation organized under the laws of the state of Illinois and has done business in the state of Montana for many years, but has never complied with the laws of Montana relative to foreign corporations doing business in this state; all of its business having been done through dealers in this state.

2. That the Columbus State Bank of Columbus, Montana, is a banking corporation organized under the laws of this state; that it is insolvent, and that on or about December 22, 1932, it closed its doors and declared itself insolvent.

3. That Frank H. Johnson is superintendent of banks of the state of Montana, and liquidating agent for the Columbus State Bank, and that the assets of that bank were taken over by the superintendent on the twenty-second day of December, 1930, and at all the times since have been under the control of the superintendent.

4. That on November 24, 1930, the Columbus State Bank was a going banking institution; that it received from the Caterpillar Tractor Company, plaintiff, for collection and remittance, two warrants issued by Stillwater county, Montana, and the two warrants heretofore referred to were described in detail in the letters accompanying them; that the Caterpillar Tractor Company was the owner and holder of the warrants on the date they were sent to the Columbus State Bank for collection and remittance, and was the owner of the claim against the bank on the date this action was instituted.

It is further stipulated that the warrants bore the indorsement of the Connelly Machinery Company, copies of the warrants being set out, and it is shown in the agreed statement of facts that both of the warrants were paid December 4, 1930, to the bank by the treasurer of Stillwater county, and were indorsed by the bank.

6. That the Caterpillar Tractor Company sent a separate letter with each warrant to the bank when the warrants were sent for collection, such letters being in form as follows: "We attach for collection Warrant No. 10211, $1,700.50, issued by Stillwater County, Montana, and endorsed by Connelly Machin-

ery Co. payable Dec. 15, 1930, together with exchange, collection or other charges, if any, and interest at the rate of —— per annum from —— until paid. Please present to the Treasurer of Stillwater County, Columbus, Montana, for payment, and upon receipt of returns, remit proceeds to us at this address in U. S. current funds, advising by telegram collect if payment is refused, giving reasons. In the event of failure to collect from the maker, please present to the above named endorser for payment. Please acknowledge receipt on duplicate hereof and mail to us in the self-addressed stamped envelope enclosed.''

8. That the county treasurer of Stillwater county had notified plaintiff prior to the transmission of the warrants to the Columbus bank that the warrants would be paid on December 15, 1930, and that the bank collected the warrants on December 4, 1930.

9. That Brown & Jones, duly authorized attorneys for plaintiff, filed with the superintendent of banks a duly verified claim of the plaintiff, it being verified by one of its own officers, in the sum of $2,590, the same being presented as a preferred claim. This claim was filed with the superintendent of banks on May 8, 1931.

10. That on the nineteenth day of May, 1932, the superintendent of banks disallowed the claim as a preferred claim, and thereafter wrote the letter to Brown & Jones, attorneys at Billings, heretofore set out. Brown & Jones acknowledged receipt of the letter of rejection on the twenty-fifth day of June, 1932.

12. That the records of the Columbus bank show that cashier's checks were issued in payment of the warrants in question, but that the plaintiff never received them, nor has plaintiff received any other payment from the bank or from Stillwater county on account of the warrants.

13. That the smallest amount of cash on hand in the Columbus bank after December 4 and up to December 23, 1930, was $634.38.

15. That the government of the United States presented a preferred claim against the Columbus Bank in the amount of $1,102.57, which was duly allowed and paid.

On the agreed statement of facts the lower court made and entered its conclusions of law, as follows: "1. That the said Frank H. Johnson, as Superintendent of Banks of the State of Montana, is directed to allow plaintiff's claim herein, in the sum of $2,590.00. 2. That the said sum of $2,590.00 is a trust fund, and must be paid as specified in paragraph 3 of section 134 [section 4?] of chapter 145 of the Session Laws of the 22nd Legislative Assembly, and after the payment of claims as they are properly classified in paragraphs 1 and 2 in said section." The court directed that judgment be entered in accordance with such conclusions, and such judgment was, on March 22, 1934, duly entered. The appeal is from the judgment.

Appellant's first assignment of error is that the court erred in concluding, as a matter of law, that the sum of $2,590, collected on the warrants, is a trust fund.

When the warrants were sent by the plaintiff to the bank with instructions to collect and remit the amount to plaintiff, and the warrants were received and entered for collection in accordance with such instructions, the relation of principal and agent was created between the plaintiff and the bank, and not that of creditor and debtor, and under such circumstances it is a well-established principle, both in this state and other jurisdictions, that funds collected by an agent, as in this case, and mingled with its own, are trust funds which may be followed and recovered. (*State ex rel. Kelly* v. *Farmers' State Bank of Bridger*, 54 Mont. 515, 172 Pac. 130; *Hawaiian Pineapple Co.* v. *Browne*, 69 Mont. 140, 220 Pac. 1114, 1116; *McDonald* v. *American Bank & Trust Co.*, 79 Mont. 233, 255 Pac. 733; *Montana-Dakota Power Co.* v. *Johnson*, 95 Mont. 16, 23 Pac. (2d) 956.)

That the money collected by the bank on the warrants sent it by the Caterpillar Tractor Company was a trust fund does not admit of doubt, but defendant contends that the judgment of the trial court should be reversed for the reason that the

plaintiff did not sue within the ninety days after its claim was rejected, as provided by section 132 of Chapter 89, Laws 1927, commonly known as the Bank Act. Section 132 provides as follows: ''Claims; Allowance and Rejection. The superintendent shall reject or allow all claims in the whole or in part, and on each claim allowed shall designate the order of its priority. If a claim is rejected or an order of priority allowed lower than that claimed, notice shall be given the claimant personally or by registered mail, and an affidavit of the service of such notice, which shall be prima facie evidence thereof, filed in the office of the superintendent. The action of the superintendent shall be final unless an action be brought by the claimant against the bank in the proper court of the county where the bank is located within ninety days after such service to fix the amount of the claim and its order of priority or either.''

Plaintiff was notified on June 23, 1932, that its claim as a preferred claim was disallowed. Brown & Jones, of Billings, plaintiff's attorneys, acknowledged receipt of such notice of disallowance by their letter of June 25, 1932. Plaintiff's complaint was filed October 18, 1932, or twenty-five days after the time provided by section 132, Chapter 89, quoted above, had elapsed.

There can be no question about the power of the legislature to fix a time within which claims must be presented for allowance in any such matter as that involved here. Such power has long been established and maintained by the courts in probate matters, and the legislative assembly would have the same power to establish a period within which claims must be presented for allowance in the matter of insolvent banks as fully as it has exercised its power in fixing such period in regard to filing claims in probate matters. The time prescribed in which suit must be begun under the Bank Act is 90 days, and the action in this case was not begun until 115 after plaintiff's attorneys acknowledged receipt of the notice of rejection of its claim.

Counsel for plaintiff in their supplemental brief raise the question as to the sufficiency of the notice of rejection of their client's claim as a preferred claim. As heretofore shown by the statement of facts agreed upon, the claim was prepared and verified by one of plaintiff's officials in Illinois, and presented through its attorneys Brown & Jones, of Billings, who acknowledged receipt of the notice that the claim had been rejected as a preferred claim. The statement of facts agreed that Brown & Jones were the duly authorized attorneys and representatives of the plaintiff.

Section 9783, Revised Codes 1921, provides as follows: "When a plaintiff or a defendant, who has appeared, resides out of this state, and has no attorney in the action or proceeding, the service may be made on the clerk for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except of subpoenas, or writs, and other process issued in the suit, and of papers to bring him into contempt."

It is the general rule that notice to the agent in matters within the scope of his business is notice to his principal.

"The relation of attorney and client is a relation of agency, and, in its general features, is governed by the same rules which apply to other agencies." (Mechem on Agency, 2d ed., sec. 2150.) "The attorney retained in the cause, may, as a general rule, acknowledge the services of all subsequent notices or other papers pertaining to the suit." (1 Thornton on Attorneys at Law, p. 468.) "It is the general rule that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client." (6 C. J. 638.) To the same effect is 1 Bancroft's Code Practice & Pleading, p. 14; *Lisanby* v. *Illinois Central R. Co.*, 209 Ky. 325, 272 S. W. 753, and other cases.

Brown & Jones, attorneys, of Billings, were plaintiff's selected agents to represent it in filing and looking after its claim before the banking department, and we think notice to the attorneys substantially complies with the statute.

The judgment of the lower court directing the superintendent of banks to allow plaintiff's claims as a preferred claim must therefore be reversed.

The superintendent of banks notified plaintiff's attorneys that its claim had been rejected as a preferred claim, and he advised further, as is shown by his letter in the agreed statement of facts heretofore referred to, that if the plaintiff would file its claim as a general claim, supported by the cashier's checks that had been issued to plaintiff, such claim would be allowed. It appears by paragraph 12 of the agreed statement that the cashier's checks never reached the plaintiff, and the requirement that such checks be filed with plaintiff's claim, of course, is eliminated. We think that plaintiff's claim, being filed as a preferred claim and rejected, still entitled plaintiff to have such claim allowed as a general claim, even though the instructions from the superintendent of banks about filing the claim as a general claim were not followed by the plaintiff. In *Hawaiian Pineapple Co.* v. *Browne,* supra, this court, in allowing the pineapple concern's claim as a preferred claim, directed that it could collect only a part of the face of its claim, for the reason that there were not sufficient trust funds in the defunct bank to pay the preferred claim in full, but said, "As to the remainder of its claim it is a general creditor." This view is supported in *Slimmer & Thomas* v. *Meade County Bank,* 39 S. D. 8, 162 N. W. 536, and other cases, and we think that such conclusion cannot be reasonably questioned.

The requirements of proof of claim as provided by section 132, Chapter 89, Laws 1927, make no distinction between preferred and general claims so far as the form of proof is concerned. The power to classify claims as to priority is vested in the superintendent of banks. Plaintiff's claim, as presented, has never been formally approved as a general claim, so far as the record shows.

Defendant's contention at the hearing that this action should have been brought against the bank and not the superin-

tendent of banks is without merit. Sections 124 and 127 of the Bank Act are sufficient answer to such contention.

The defendant, in his pleadings and argument, attempts to make an issue of the fact that the plaintiff, a foreign corporation, has never qualified to do business in this state, and therefore is disqualified to maintain an action on contract in our courts. What constitutes "doing business" in this state has been clearly established by this court in a number of cases, and the defendant's contention on this point cannot be upheld. (*Uihlein* v. *Caplice Commercial Co.*, 39 Mont. 327, 102 Pac. 564; *Dover Lumber Co.* v. *Whitcomb*, 54 Mont. 141, 168 Pac. 947; *General Fire Extinguisher Co.* v. *Northwestern Auto Supply Co.*, 65 Mont. 371, 211 Pac. 308; see, also, *Harrell* v. *Peters Cartridge Co.*, 36 Okl. 684, 129 Pac. 872, 44 L. R. A. (n. s.) 1094.)

The judgment of the district court of the county of Stillwater is reversed and the cause remanded, with direction to dismiss the action.

ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.