487 P.2d 435

**James M. KRUMTUM, an individual, the marital community of James M. Krumtum and Jane Doe Krumtum, husband and wife et al., Appellants,**

v.

**Walter BURR, dba Burr & Sons Construction Company, Appellee.**

**No. 1 CA–CIV 1480.**

Court of Appeals of Arizona, Division 1.

Aug. 3, 1971.

Stephen W. Connors, Phoenix, for appellant Krumtum.

Gary K. Nelson, Atty. Gen., by D. Jay Ryan, Asst. Atty. Gen., Phoenix, for Arizona State Treasurer.

Ash & Reeb, by Gary B. Larson, Mesa, for appellee.

KRUCKER, Chief Judge.

This appeal deals solely with an agency question. Walter Burr, doing business as Burr & Sons Construction Co., plaintiff below, was the general contractor for construction work on a church in Mesa, Arizona. Plaintiff had in its file what purported to be an acceptance of a bid or subcontract for the paving portion of the work on the church property from the National Paving Company. When the time came for the paving work to be done, plaintiff, Burr & Sons Construction Company, called upon Krumtum, doing business as National Paving Company, to perform the paving work and National Paving refused, de-

nying any obligation. Burr had the paving work done by others and sued Krumtum-National Paving for the difference between the amount of the alleged contract and the actual cost of having the paving completed, recovering damages in the amount of $3,822, plus costs. It is from this judgment that Krumtum-National Paving appeals.

One Charles Webb had been employed by National Paving as what was known as a "commission operator." It appears that a commission operator is one who checks construction work that is going to be up for bid, looks over the plans, and if the bid of National Paving is accepted, he receives 50 percent of the profits on any jobs he finds and works on. He had been working with National Paving for two or three years. Webb left National Paving in February or March of 1968 and went into business for himself. He was a party defendant in the action. He died prior to trial.

Mr. Krumtum testified that all bids were on National Paving forms giving the contractor's license number. He stated that he always went over the plans and figures before submitting a bid. He also stated that Webb was authorized to sign contracts on his behalf but that the fact of his agency for National Paving always appeared on the contract.

The testimony indicates that Webb submitted a bid for the paving work to Burr. This bid was lost or misplaced, but in any event could not be found or produced at the time of the trial. However, in response to this bid by Webb for National Paving, Burr and Webb executed a contract dated January 15, 1968, which appears to be an acceptance of the bid and was signed by Burr and Sons Construction Company and Charles Webb as the sub-contractor. This acceptance contract signed by Webb contained the address of National Paving.

An executed copy of this contract was found by Mr. Krumtum in the files of National Paving Company. It was further shown that at the time of trial (which was after Webb's death), the deposition of Webb before the Registrar of Contractors was introduced and admitted into evidence, and in this transcript Webb testified he was given authority by Krumtum to make bids to Burr and other general contractors on the paving portion of the work here. Webb testified as follows:

"Q. In this particular case, he did tell you to bid it?

A. Yes, I believe he did because I remember bidding with all the general contractors the day that the job bid, in the morning. J & J Contracting Company called the office for me and requested—

Q. You didn't bid jobs other than with the approval of Mr. Krumtum?

A. No."

Appellant Krumtum's argument is two-pronged. He initially contends that he did not authorize Webb to bid on the job in question. His second contention is that the contract in question does not bear any indication that Webb was his agent or that National Paving is a party to the contract.

The evidence is undisputed that Webb was well-known to appellee and others in the trade as Krumtum's agent with authority to bid on jobs and make binding contracts. The issue of Webb's authority was in conflict and resolved by the trier of fact in favor of appellee. This determination is supported by the evidence.

■ The failure of the contract to set forth the principal-agent relationship does not preclude recovery against the principal. Restatement (2d) of Agency § 149 states:

"A disclosed or partially disclosed principal is subject to liability upon an authorized contract in writing, if not negotiable or sealed, although it purports to be the contract of the agent, unless the principal is excluded as a party by the

**216**

terms of the instrument or by agreement of the parties."

Appellants contend that Webb had no authority and that the burden of proof of agency was on Burr Construction Company. We agree that this is the law as to the burden of proof. Our Supreme Court, in Land-Air, Inc. v. Parker, 103 Ariz. 1, 435 P.2d 838 (1967), set forth the means of proving agency:

"1. By direct evidence of an express contract of agency between principal and the agent.

2. Proof of facts which raise the implications of such a contract—agency does not have to be proved by direct testimony; it may be proved as any other fact and may be established from other circumstances such as relation of the parties to each other and to the subject matter.

3. By ratification.

4. By estoppel. [Citation omitted]" 103 Ariz. at 2, 435 P.2d at 340.

■ The undisputed fact that Webb worked for National Paving for many years and worked there after the date of the contract; the fact that he had bid on other contracts and to other prime contractors for this church paving job; the fact that he testified that he was authorized to bid this contract; and, the fact that the contract was actually in National Paving files, provide ample proof of agency. It is the established principle that the appellate court must affirm the trial court if there is any evidence to support the trial court's position. *See,* Land-Air, Inc. v. Parker, supra; Colvin v. Superior Equipment Company, 96 Ariz. 113, 392 P.2d 778 (1964).

Ernest Garfield, the Treasurer of the State of Arizona, is a party to this appeal. The State Treasurer is a stakeholder for the contractor's bond pursuant to the provisions of A.R.S. § 32–1152, as amended, and should make payment out of the proceeds of the bond to the extent thereof under the provisions of the judgment of the lower court. Husky v. Lee, 2 Ariz. App. 129, 406 P.2d 847 (1965).

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.