LeVon P. SCHLENZ and Delores Schlenz, Plaintiffs,

v.

JOHN DEERE COMPANY, a Delaware corporation, and Deere and Company, a Delaware corporation, Defendants.

No. CV–80–53–GF.

United States District Court, D. Montana, Great Falls Division.

Feb. 26, 1981.

Thomas R. Crews, Thompson, Alexander & Crews, Jackson, Miss., for plaintiffs.

Brent R. Cromley, Moulton, Bellingham, Longo & Mather, P. C., Billings, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiffs, LeVon P. Schlenz and Delores Schlenz, have brought this action against defendants, John Deere Company and Deere and Company, for breach of express and implied warranties. Plaintiffs are Montana citizens, defendants are Delaware corporations. The amount in controversy, exclusive of interest and costs, exceeds $10,-000, giving this court diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Before the court is defendants' Rule 56, F.R.Civ.P. motion for summary judgment. The parties have thoroughly briefed the issues, and the matter is ripe for disposition.

The facts as alleged by plaintiffs in their April 24, 1980 complaint are as follows. In May, 1976, plaintiff LeVon Schlenz purchased a round hay baler that was manufactured and marketed by defendants. Defendants had warranted that the round hay baler was safe for use, of merchantible quality, and fit for the purpose of producing round hay bales.

On or about June 26, 1976, LeVon Schlenz's right forearm was severed when his arm became caught in the round hay baler. LeVon Schlenz claims that defendants knowingly breached their expressed and implied warranties that the baler was safe for use in producing round hay bales. LeVon Schlenz seeks $15 million in compensatory and punitive damages. Plaintiff Delores Schlenz, the wife of LeVon Schlenz, seeks $1 million for loss of consortium.

Plaintiffs filed their complaint on April 24, 1980, slightly less than four years after the injury and the alleged breach of warranties. Defendants have moved for summary judgment, claiming that plaintiffs' claims are barred by Montana's three-year statute of limitations for negligence or strict products liability actions.

In this diversity of citizenship action, this court must apply the substantive law of Montana, the forum state. 28 U.S.C. § 1652. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);

*Kabatoff v. Safeco Insurance Co.*, 627 F.2d 207, 209 (9th Cir. 1980); *Duffy v. Lipsman-Fulkerson & Co.*, 200 F.Supp. 71, 72 (D.Mont.1961). Plaintiffs recognize that a negligence or strict product liability action is barred by the applicable Montana three-year statute of limitations for personal injury tort actions. *See*, M.C.A. § 27–2–204(1).

Plaintiffs, however, have based their complaint not on negligence or strict liability, but upon breach of contractual warranties. Unless, in their contract, the parties reduce the period of limitations, the Montana statute of limitations in contracts for sale is four years after the cause of action has accrued. *See*, M.C.A. § 30–2–725(1). Plaintiffs' complaint, filed on April 24, 1980, more than three years but less than four years after both the date of the contract and the date of LeVon Schlenz's injury, therefore, would not be barred if properly brought as a contract warranty action.[1]

Plaintiffs alleged in their complaint that LeVon Schlenz purchased the round hay baler. The only person to sign the purchase order for the subject baler, however, was one Les Candee. Nowhere on the purchase order does LeVon Schlenz's name appear. LeVon Schlenz and Les Candee stated in affidavits that, although Les Candee was the only one to sign the purchase order, Candee and Schlenz bought the baler as co-owners and that the salesman knew that Schlenz and Candee were buying it as co-owners. For plaintiffs to be entitled to sue for breach of the contractual warranties, it is necessary that this court accept plaintiffs' contentions that LeVon Schlenz was a buyer of the round hay baler, although his name does not appear on the purchase order. Montana law extends warranties for the sale of goods only to a buyer, members of that buyer's family or household, and guests in the buyer's home.

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. . . .

M.C.A. § 30–2–318.

Plaintiffs contend that they may sue for breach of the contractual warranties despite the fact that LeVon Schlenz did not sign the purchase order and despite the fact that plaintiffs are not members of Les Candee's family or household who, under M.C.A. § 30–2–318, would be third party beneficiaries of defendants' express and implied warranties. Plaintiffs assert that LeVon Schlenz was a buyer of the round hay baler under the contract for sale because Les Candee signed the purchase order both as principal and as the agent of LeVon Schlenz.

Defendants, however, assert that LeVon Schlenz was not a party to the contract and therefore may not sue on the contract. Even if this court found LeVon Schlenz to be a party to the contract, defendants claim that the contract effectively disclaimed any express or implied warranties. Last, even if plaintiffs have a warranty cause of action, defendants claim that the contract validly precludes plaintiffs from recovering damages for personal injuries.

## I.  *Was LeVon Schlenz a Party to the Contract?*

LeVon Schlenz did not sign the purchase order for the round hay baler. Although the purchase order had signature lines for two buyers, only Les Candee signed the

---

1. Defendants argue that, even if LeVon Schlenz were deemed a party to the contract, this breach of warranty action for damages for personal injuries is governed by the general personal injury statute of limitations rather than by the Montana U.C.C. breach of warranty statute of limitations.

   The Montana Supreme Court has not ruled on this issue. There is a split of authority among those jurisdictions which have ruled on this issue. *See*, cases collected in Annot., 37 A.L. R.2d 703 (1954) and supplements thereto. In this court's view, the better reasoned authority holds that all U.C.C. breach of warranty actions—regardless of the injury claimed—are governed by the four-year U.C.C. breach of warranty statute of limitations. This is the rule that this court predicts the Montana Supreme Court would apply.

purchase order. Still, LeVon Schlenz claims that he is a party to the contract.

Culbertson Implement Company, John Deere Company's dealer in Culbertson, Montana, traded the round hay baler which is the subject of this lawsuit for a stack wagon. Both Les Candee and LeVon Schlenz have stated in affidavits that the salesman who sold the round hay baler knew that LeVon Schlenz and Les Candee were co-owners of the stack wagon and that LeVon Schlenz and Les Candee were purchasing the round hay baler as co-owners. Plaintiffs claim that Les Candee signed for himself and as agent for LeVon Schlenz.

The purchase and sale of the John Deere round hay baler was a transaction in goods covered by the Montana Uniform Commercial Code ("U.C.C."). *See*, §§ 30–2–102, 30–2–105(1), M.C.A. The Montana U.C.C. provides that the principles of principal and agent shall supplement the U.C.C. provisions. § 30–1–103, M.C.A. A basic principle of Montana principal and agent law is that

> An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing.

§ 28–10–203, M.C.A.

The contract for purchase of the $6500 round hay baler was required by law to be in writing. § 30–2–201(1), M.C.A. If this court applied the general rule to these facts, defendants would be entitled to summary judgment. Les Candee's alleged authority to act as LeVon Schlenz's agent was not in writing. Under the general rule, therefore, because his authority was not in writing, Les Candee could not act as an agent to make LeVon Schlenz a party to the sales contract.

■ There are, however, exceptions to the statute of frauds which make the gen-

eral rule of § 28–10–203, M.C.A. inapplicable. Payment of the purchase price or acceptance and receipt of the goods purchased may both take the transaction out of the statute of frauds and render inapplicable the § 28–10–203 requirement that the agent's authority be in writing. *See, e. g., Case v. Kramer*, 34 Mont. 142, 149–150, 85 P. 878 (1904); *King v. Globe Grain & Milling Co.*, 58 Cal.App. 105, 208 P. 166, 169 (1922).[2] The question of whether the payment or performance of the contract took the contract from the statute of frauds is a genuine issue of material fact which precludes this court from granting summary judgment for defendants. *See*, Rule 56(c), F.R.Civ.P.

Whether the payment or the contract performance was sufficient to take the contract from the statute of frauds is a question of law. *Schwedes v. Romain*, Mont., 587 P.2d 388, 391 (1978). This court therefore shall hold an evidentiary hearing on these issues.

Plaintiffs' burden at the hearing shall be a heavy one. First, the burden shall be upon plaintiffs, as the parties claiming the agency, to prove that Les Candee was LeVon Schlenz's agent, rather than upon defendants to disprove the agency. *See, First National Bank v. Sant*, 161 Mont. 376, 386, 506 P.2d 835 (1973); *Calkins v. Oxbox Ranch, Inc.*, 159 Mont. 120, 126, 495 P.2d 1124 (1972). Second, plaintiffs must prove that this was an extraordinary case, as " . . . [o]rdinarily one does not perform an act both as agent and as principal." *Tuttle v. Union Bank & Trust Co.*, 112 Mont. 568, 577, 119 P.2d 884 (1941). Third, "[p]erformance will remove an alleged contract from operation of the statute of frauds only when it is unequivocally referable to that contract." *Throndson v. C.I.R.*, 457 F.2d 1022, 1026 (9th Cir. 1972) (citations omit-

---

**2.** § 28–10–203, M.C.A. was enacted originally by the Montana legislature as § 3085, Civ.C. 1895. The original statute was based on a California statute, Field Civ.C. § 1227.

In interpreting a statute borrowed from another state, the Montana Supreme Court views the interpretations of the statute by the other state's courts as persuasive, though not controlling, authority. *See, e. g., Lawrence v. Harvey*, Mont., 607 P.2d 551, 556 (1980) (relying on California cases decided after enactment of a Montana statute borrowed from California).

ted), cited and followed in *Schwedes v. Romain, supra,* 587 P.2d at 391.[3]

## II. *Implied Warranties*

Plaintiffs claim that defendants breached implied warranties of merchantibility and fitness. *See,* §§ 30–2–314, 30–2–315, M.C.A. The Montana U.C.C., however, allows a seller to disclaim these implied warranties by means of "conspicuous" language in a writing. § 30–2–316(2), M.C.A.

■ In the purchase order, defendants included language which "EXPRESSLY DISCLAIMS THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS." The accompanying warranty for the round hay baler specifically provided that defendants do "NOT MAKE ANY IMPLIED WARRANTY OF MERCHANTIBILITY OR FITNESS." In each case, the warranty disclaimers were printed in significantly larger typeface than the other printing in the body of the text. In each case, the warranty disclaimers were the only words in the body of the text printed in capital letters. The disclaimers were printed in language sufficiently conspicuous to be effective disclaimers under § 30–2–316(3), M.C.A. *See,* § 30–1–201(10), M.C.A.; *FMC Finance Corp. v. Murphree,* 632 F.2d 413, 418–419 (5th Cir. 1980); *cf., Transcontinental Refrigeration Co. v. Figgins,* Mont., 585 P.2d 1301, 1305 (1978).[4]

## III. *Express Warranties*

Plaintiffs state that, prior to the purchase of the round hay baler, Les Candee and plaintiff LeVon Schlenz received John Deere Company advertising and promotional materials, including an operator's manual for the John Deere 500 round baler. LeVon Schlenz claims that he relied on the statements in the promotional materials in deciding with Les Candee to purchase the John Deere 500 round baler.

Manufacturers such as defendants create express warranties under § 30–2–313, M.C.A. if they make representations in advertising brochures that the purchaser relies on as part of the basis for the bargain. *See, Whitaker v. Farmhand, Inc.,* 567 P.2d 916, 173 Mont. 345, 353 (1977). Here, defendants expressly warranted the safety of the John Deere 500 round baler allegedly purchased by plaintiff LeVon Schlenz jointly with Les Candee. The John Deere 500 round baler operator's manual specifically provides that

The safety of the operator was one of the prime considerations in the minds of John Deere engineers when this baler was designed. Shielding, simple adjustments, and other safety features were built into the baler wherever possible.

■ Defendants, by means of conspicuous language, both in the purchase order

---

**3.** *Defendants argue that there is no mutuality if LeVon Schlenz can sue on the contract. Defendants assert that, if there had been a buyer breach of the round hay baler contract, defendants could not sue LeVon Schlenz under the contract. This is not necessarily so.*

*The Restatement of Agency provides that an allegedly disclosed principal such as LeVon Schlenz may be held liable on a contract even though his name does not appear thereon.*

*A disclosed or partially disclosed principal is subject to liability upon an authorized contract in writing, if not negotiable or sealed, although it purports to be the contract of the agent, unless the principal is excluded as a party by the terms of the instrument or by the agreement of the parties.*

Rest. Agency § 149.

*For cases which have followed Rest. Agency § 149 and held principles liable on contracts on which their names did not appear, see, e. g., Southern Pacific Co. v. United States, 192 F.2d 438, 440 (3d Cir. 1951); Krumtum v. Burr, 15 Ariz.App. 214, 487 P.2d 435, 436 (1971). The*

court in *State v. Bonnett,* 114 Utah 546, 201 P.2d 939, 943 (1949), specifically rejected a lack-of-mutuality argument identical to defendants', citing Rest. Agency § 149.

**4.** Plaintiffs argue that the implied warranty disclaimers were not effective against LeVon Schlenz because they were not brought to his attention. By their conspicuous language in both the purchase order and the warranty disclaimer notice, however, the warranty disclaimers were brought to Les Candee's attention. If, as plaintiffs urge, Les Candee was LeVon Schlenz's agent, notice of the warranty disclaimers to Les Candee was also imputed notice of the warranty disclaimers to his principal, LeVon Schlenz. "It is the general rule that notice to the agent in matters within the scope of his business is notice to his principal." *Caterpiller Tractor Co. v. Johnson,* 99 Mont. 269, 276, 43 P.2d 670 (1935). *See also,* § 28–10–604, M.C.A.; *Stewart v. Casey,* Mont., 595 P.2d 1176, 1179 (1979).

and in the attached warranty, disclaimed all express warranties. The disclaimer, however, was ineffective to destroy the express warranty of safety made in the operator's manual. *See, Whitaker v. Farmhand, Inc., supra*, 173 Mont. at 355, 567 P.2d 916, citing 1 Anderson, Uniform Commercial Code § 2–316:28, p. 698.

### IV. *Limitation of Remedies*

Defendants issued a printed warranty on the John Deere 500 round baler. The warranty limited purchaser remedies to replacement or repair of defective parts. The warranty provided that "[i]n no event will the dealer, John Deere or any company affiliated with John Deere be liable for incidental or consequential damages or injuries...."

Parties are free under the Montana U.C.C. to limit or even exclude consequential damages "... unless the limitation or exclusion is unconscionable." § 30–2–719(3), M.C.A. If the remedy limitation is valid in this contract, plaintiffs' claims based on LeVon Schlenz's personal injuries would be barred.

Limitation of damages for personal injuries in the case of "consumer goods" is *prima facie* unconscionable under § 30–2–719(3), M.C.A. Farm equipment, such as the round hay baler, however, is defined in the Montana U.C.C. as "equipment" rather than as "consumer goods". *See,* § 30–9–109(1), § 30–9–109(2), § 30–2–103(3), M.C.A. *See also, Beam v. John Deere Co.,* 240 Ark. 107, 398 S.W.2d 218, 220 (1966).

Although the limitation of remedy provisions is not *prima facie* unconscionable, this court may, as a matter of law, find the remedy limitation clauses unconscionable and refuse to enforce those clauses. *See,* § 30–2–201(1), M.C.A. This court shall therefore consider evidence on plaintiffs' claim that the remedy limitations are unconscionable. At the hearing, "... the parties shall be afforded a reasonable opportunity to present evidence as to its [the contract's] commercial setting, purpose and effect to aid the court in making the determination." § 30–2–302(2), M.C.A.